UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHEILA R. BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-240-CCS |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 22]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 23 & 24]. Sheila R. Burton ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

**I.    PROCEDURAL HISTORY**

On August 20, 2013, the Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on June 27, 2012. [Tr. 1515, 177]. After her application was denied initially

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

and upon reconsideration, the Plaintiff requested a hearing before an ALJ. [Tr. 109]. A hearing was held on August 26, 2014. [Tr. 40-62]. On August 21, 2015, the ALJ found that the Plaintiff was not disabled. [Tr. 24-35]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on May 16, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDGINS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since June 27, 2012, the alleged onset date (20 CFR 404.1571 *et. seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease, residuals from fractured pelvis, gout in hands and feet, diabetes, and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lifting/carrying (included upward pulling) 20 pounds occasionally, 10 pounds frequently. Standing and/or walking (with normal breaks) at least two hours in an eight-hour day, each. Unrestricted sitting. Occasional postural activities, but no climbing ladders/ropes/scaffolds. No manipulative, visual, communicative, or environmental limitations.

>    6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565).
>
>    7. The claimant was born on February 21, 1967 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
>    8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
>    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
>    11. The claimant has not been under a disability, as defined in the Social Security Act, from June 27, 2012, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 26-34].

### III.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV.     ANALYSIS**

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

In the present case, the Plaintiff alleges that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ did not properly weigh the opinion of treating physician, Wendy May, M.D. [Doc. 18 at 14-18]. The Plaintiff contends that

5

the ALJ failed to provide "good reason" for discounting the opinion and erroneously gave "great weight" to the opinions of consultative examiner, Jeffery Summers, M.D., and nonexamining state agency physicians. [*Id.* at 20-21]. The Plaintiff further maintains that the ALJ ignored testimony provided by the Plaintiff's step-daughter. [*Id.* at 18].

Dr. May began treating the Plaintiff in June 2012 for back and right hip pain. [Tr. 261]. The Plaintiff's impairments stems from a horseback riding accident that occurred in April 2010 and resulted in a pelvic fracture. [Tr. 263]. Following her accident, she was treated by orthopedic surgeon William Oros, M.D., from April through October 2010. [Tr. 250-56]. At the conclusion of treatment in October 2010, Dr. Oros noted that clinically, the Plaintiff looked "okay" and diagnosed greater trochanteric bursitis in the right hip and recommended joint injections. [Tr. 251]. The Plaintiff did not seek further treatment until she presented to Dr. May in June 2012 with complaints of back pain and right hip pain that radiated down her leg. [Tr. 261].

A July 2012 MRI of the lumbar spine revealed moderate degenerative changes at multiple levels form L2-S with areas of discogenic sclerosis, minimal disc bulge, no focal herniated disc, and some moderate left foraminal narrowing at L5-S1 due to a combination of left vertebral endplate and posterior element degenerative changes. [Tr. 317]. An EMG/NCS performed in September 2012 indicated mild right L5 lumbar radiculopathy with no evidence of myopathy, plexopathy, mononeuropathy, or peripheral neuropathy. [Tr. 312].

On July 24, 2014, Dr. May completed an "Attending Physician's Statement." [Tr. 439]. Therein, Dr. May indicated the Plaintiff's diagnoses included ongoing back pain and chronic lumbar radiculopathy with symptoms of back and right hip pain. [*Id.*]. Dr. May listed objective findings of decreased mobility, joint pain, limping, and muscle spasms. [*Id.*]. The Attending Physician Statement asked Dr. May to opine on the "extent of disability" by asking the following

6

three questions: (1) "Is the patient Disabled and unable to do 'past work?'"; (2) "Is the patient Totally Disabled and unable to do Sedentary Work for 8 hours/day, 5 days/week? Sedentary Work involves lifting up to 10 pounds occasionally (up to 1/3 of an 8 hour day)."[2] and (3) "If Totally Disabled, is disability expected at least 12 months from the date the disability began?" [*Id.*]. Dr. May answered "Yes" to all three questions. [*Id.*].

The ALJ assigned Dr. May's opinion "little weight," concluding that Dr. May's findings from her last examination, dated February 2014, were inconsistent with a finding that the Plaintiff could not perform even sedentary work. [Tr. 32]. Specifically, Dr. May had only noted lumbar spine tenderness and moderate pain with range of motion. [Tr. 32, 391]. The ALJ also found that the opinion was not entitled to greater deference because it offered "conclusory statements that are reserved to the Commissioner of Social Security," *i.e.*, the issue of "disability." [Tr. 32].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). When an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). In addition, while sedentary work "involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.*

7

the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The Plaintiff argues that Dr. May's opinion "and the limitations she placed" were entitled to greater weight, because her opinion was supported by her treatment notes, other medical evidence in the record, and third party testimony provided by the Plaintiff's step-daughter. [Doc. 18 at 15-18]. The Court disagrees and finds that the ALJ provided "good reason" for discounting the opinion.

First, the "ALJ does not owe a treating opinion deference on matters reserved to the Commissioner." *Hollis v. Commissioner of Social Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan 27, 2015). Issues such as a claimant's RFC, whether the claimant's RFC prevents her from performing past relevant work, or whether a claimant is "disabled" "are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case." Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Opinions on such issues, even from treating sources, are "not given any special significance" as they are findings reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *see Kidd v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 336, 340 (6th Cir. 2008) ("[T]he ultimate issue

of disability is reserved to the Commissioner.") (citations omitted). "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *2.

The Plaintiff argues that the ALJ should have deferred to the "limitations" opined by Dr. May. However, Dr. May did not render any functional limitations or restrictions on the Plaintiff's ability to perform work-related activities. Instead, Dr. May made conclusory findings that the Plaintiff is "disabled and unable to do 'past work,'" is "Totally Disabled," and cannot perform "Sedentary Work." [Tr. 439]. These findings unquestionably opine on matters strictly reserved for the Commissioner's determination and are therefore not entitled to deference. *See* Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *2. Moreover, Dr. May did not provide any explanation for her conclusion that the Plaintiff is disabled and unable to work other than to note the Plaintiff's diagnoses of back pain and lumbar radiculopathy and associated symptoms, neither of which provides substantial evidence to support a finding of disability. *See* 20 C.F.R. § 404.1529(a) ("However, [a claimant's] statements about [] pain or other symptoms will not alone establish that [the claimant is] disabled. . . ."); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988*)* (holding that a diagnosis alone says nothing about the severity of the impairment).

Second, the Court finds the ALJ's other reason for discounting Dr. May's opinion constitutes "good reason." The ALJ observed that Dr. May's most recent examination findings did not support a finding that the Plaintiff was completely disabled. Indeed, during the February 2014 visit, Dr. May only noted lumbar spine tenderness and moderate pain with range of motion. While Dr. May's last visit with the Plaintiff was actually in May 2014, there was no mention of

9

any medial findings related to the Plaintiff's back or musculoskeletal system. [Tr. 393-96]. Given Dr. May's examination findings, and the lack of explanation or support cited in the Attending Physician Statement, including the fact that it notes an examination on July 19, 2014 but no office visit notes or firings are provided—only the conclusory and legal opinions noted. Thus, the Court finds the ALJ reasonably concluded that Dr. May's findings did not support a conclusion that the Plaintiff is disabled or unable to perform sedentary work.

The Plaintiff cites to other medical evidence and treating notes from Dr. May for the proposition that Dr. May's opinion was entitled to greater weight. [Doc. 18 at 14-17]. The ALJ, however, considered this evidence in his decision and concluded that it was not consistent with a finding of disability. [Tr. 30]. In reaching this determination, the ALJ also found the Plaintiff's daily living activities undermined a finding of disability where the Plaintiff retained the ability to perform some household chores, prepare simple meals, shop, drive, manage finances, care for her grandchildren, help her mother, use the computer, socialize with friends online, and visit with family and family. [Tr. 31]; *see Walters*, 127 F.3d at 532 ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments."). Furthermore, the ALJ considered the routine and conservative nature of the Plaintiff's treatment which involved facet joint and lumbar epidural steroid injections, physical therapy, and pain medication, as well as the Plaintiff's non-compliance with Dr. May's recommendations that the Plaintiff lose weight and stop smoking. [Tr. 30-31]; *see* 20 C.F.R. § 404.1529(c)(3)(v) (listing treatment as a relevant factor to be weighed in considering the credibility of a claimant's allegations of pain).

The ALJ also relied on other medical opinions of record, including findings made by consultative examiner, Dr. Summers, and nonexamining state agency physicians. [Tr. 30, 32].

Dr. Summers noted unremarkable examination findings other than decreased range of motion of the lumbar spine and left knee. [Tr. 348]. The Plaintiff exhibited full range of motion in all other joint areas, was negative for straight leg raise testing, had normal grip strength, ambulated in a normal manner without the use of a walking device, and was able to stand and walk on both heels and toes, perform a full squat, and stand on either leg singly. [*Id.*]. Dr. Summers opined that the Plaintiff would have difficulty bending, stooping, kneeling, squatting, crouching, crawling, climbing, and lifting greater than 20 pounds. [*Id.*]. The ALJ gave the opinion "great weight" because it was consistent with Dr. Summers's examination findings and the medical evidence of record. [Tr. 32]. The ALJ similarly assigned "great weight" to the nonexamining state agency physicians who opined limitations generally consistent with the Plaintiff's RFC except that the ALJ found the Plaintiff was more restrictive in her postural activities than found by the state agency physicians. [Tr. 28, 32, 78-80, 92-94]. The ALJ likewise found the opinions of the state agency physicians consistent with the medical evidence of record. [Tr. 32].

The Plaintiff complains that the ALJ does not identify the medical evidence that purportedly supports the opinions of Dr. Summers and the state agency physicians. [Doc. 18 at 20]. The Plaintiff fails to appreciate the ALJ's discussion of the evidence prior to weighing the medical opinions of record. In concluding that the Plaintiff had an RFC to perform light work, the ALJ addressed medical records discussing the Plaintiff's back and hip pain, symptoms, examination findings, and diagnostic imaging results which indicated only mild to moderate findings. [Tr. 30]. The Court finds that the medical evidence discussed by the ALJ is consistent with Dr. Summers's examining findings and could reasonably support the specific functional limitations opined by Dr. Summers and the state agency physicians as concluded by the ALJ.

The Plaintiff further contends that the opinions of non-treating sources cannot support a

decision denying benefits where the medical sources rendered opinions without the benefit of reviewing the complete record. [Doc. 18 at 20]. "There will always be a gap between the time the agency experts review the record and give their opinion with respect to the Listing and the time the hearing decision is issued." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009). However, "absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id.* The Plaintiff makes no showing how later generated evidence undermines the opinions of Dr. Summers and the state agency physicians. Moreover, the ALJ considered later generated evidence, medical and non-medical evidence, in assessing the Plaintiff's RFC. [Tr. 30]; *see Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (requiring "some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record") (citations and internal quotation marks omitted).[3]

Finally, the Court finds no merit in the Plaintiff's contention that the ALJ "failed to even mention" the testimony of the Plaintiff's step-daughter [Doc. 18 at 18]. The ALJ noted that the Plaintiff's step-daughter appeared and testified at the hearing [Tr. 24] and specifically considered her testimony, giving it "some weight" in assessing the Plaintiff's RFC [Tr. 32].

---

[3] The Plaintiff also argues that the ALJ's citation to the record where the opinions of the state agency physicians are located—Exhibits C2A and C4A—"do not actually contain" the opinions. [Doc. 18 at 21]. The Plaintiff additionally contends that the cited exhibits, which is the "Disability Determination Explanation" at the initial and reconsideration levels, include multiple sections signed by different DDS examiners with no indication which sections was completed by the state agency physicians whom the ALJ deferred to in his decision. [*Id.*]. The Court is not persuaded. Within each Disability Determination Explanation, there is a "Residual Functional Capacity" section that opines on the Plaintiff's ability to perform different physical activities [Tr. 78-80, 92-94]. Both sections are clearly signed by the state agency physicians. [Tr. 80, 94]. The ALJ properly attributed the RFC sections as the opinions expressed by the state agency physicians.

Accordingly, the Court finds Dr. May's opinion on issues reserved for the Commissioner was not entitled to controlling weight, and the ALJ provided "good reason" for discounting the opinion. The ALJ's discussion of the medical evidence, opinions of record, and the Plaintiff's treatment and daily living activities, amounts to substantial evidence supporting the ALJ's decision to give little weight to Dr. May's opinion. Therefore, the Plaintiff's assignment of error is not well-taken.

## V. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 17**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 23**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

      s/ C. Clifford Shirley, Jr.
      United States Magistrate Judge